ERNST HUBER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5844.   Promulgated February 18, 1946.

*Stanley Worth, Esq.*, for the petitioner.
*Charles P. Reilly, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The first basis given by the Commissioner for taxing the income of this trust to the petitioner is that the trust is revocable. He relied upon paragraph twelfth of the deed of trust. It is provided therein that, if the trustee, the bank, should resign, it should give notice and deliver all of the trust property to the donor or a successor trustee "and after full settlement of its accounts, the trusts herein created shall terminate without any application to or further action by any court." Other provisions of the lengthy deed show that paragraph twelfth was intended to mean that the liability of the trustee bank was to terminate without court order, but not the trust. The provision was apparently put in merely for the purpose of permitting the trustee to resign without going into court for approval. It refers to a "successor trustee as hereinafter provided," thus indicating continuance of the trust for the beneficiaries. The next paragraph provides for the appointment of a successor trustee in the event the trustee shall resign or cease to act for any reason. The next provision contains an express surrender by the donor of all right to revoke the trust, in whole or in part, except that if all the beneficiaries should predecease him, then he shall have the power to appoint other beneficiaries, not including himself. The next paragraph recites that no part of the corpus of the trust shall be or remain in the donor. Other provisions of the trust all indicate that the trust was to continue under a new corporate trustee if the first trustee named should resign or for any other reason cease to act. The trust contains no express provision for distributing the trust property upon a termination by resignation of the trustee, which is itself another indication that no such termination was contemplated or intended. Furthermore, if the respondent's interpretation were correct, still it would not follow that the income of the trust would be taxable to the grantor. The respondent apparently would reason that the trust property, upon such a termination, would be returned to the grantor, but we can not believe that any court would so hold. A court, under such circumstances, would protect the beneficiaries and hold the trust property in some way for their benefit. Thus the respondent can not benefit by the provision in question.

The Commissioner also relied upon a provision under which the petitioner, as life beneficiary, could call for principal to make up the

difference if the income for the year did not amount to at least $10,000. This amount was to be only an advance and was to be made up in later years from income in excess of $10,000. The petitioner lost that right when he assigned all of his rights in the trust income to his wife. It was inseparable from his right to receive the income. This trust was not a revocable trust within the meaning of section 166 of the code.

The Commissioner explained that the income of the trust was taxable to the petitioner under section 22 (a) and the case of *Helvering* v. *Clifford*, 309 U. S. 331, because of "the family relationship and the powers reserved in the trust instrument." The power to which he refers is the power to require the bank to obtain the petitioner's consent to changes in investments. Such a control, coupled with the fact that the beneficiaries were his wife and children, does not give economic ownership of the trust corpus and income to the petitioner within the meaning of 22 (a) and the *Clifford* case.

The trust, as originally drawn, provided that the income was payable to the petitioner. It also contained a provision that no beneficiary could assign his interest in the income or the trust funds. The validity of the assignment by the donor on April 28, 1937, was not questioned by the respondent in his notice of deficiency or in his pleadings, although the subject was mentioned in a discussion between counsel and the Court at the conclusion of the trial. If the petitioner had no legal right to make the assignment, then the income would be taxable to him under section 162 (b). A court of competent jurisdiction has held that the assignment was valid. See also *Byrnes* v. *Commissioner*, 110 Fed. (2d) 294; 1 Scott on Trusts, § 156, 1939 Ed.; Griswold, Spendthrift Trusts Created in Whole or in Part for the Benefit of the Settlor, 44 Harvard Law Review 203. We do not regard the question of the validity of the trust instrument as being properly at issue in this proceeding.

The Commissioner erred in including the income of the trust in the income of the petitioner.

*Decision will be entered under Rule 50.*